IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIRK STEVEN JACKSON, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | No. 3:18-cv-206-N (BT) |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Kirk Steven Jackson, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Jackson's petition.

I.

A Dallas County jury convicted Jackson of aggravated robbery with a deadly weapon, enhanced by two prior felony convictions occurring in Mississippi. *See State of Texas v. Kirk Steven Jackson*, Cause No. F-1370153-Y. (ECF No. 18 at 2-3.) And on February 26, 2014, the trial court sentenced him to life in prison. (*Id.*)

The Fifth District Court of Appeals affirmed Jackson's conviction. *See Jackson v. State*, No. 05-14-00297-CR, 2016 WL 1698353 (Tex. App. – Dallas April 25, 2016, pet. ref'd). In its decision, the Fifth District Court of Appeals summarized the facts of the case as follows:

> [Jackson] was arrested and charged with aggravated assault. The charge stemmed from a violent encounter during which the complaining witness, a store proprietor, was slashed by a box cutter, dragged across the store, and then beaten around his head and face with hammers. The complainant survived the attack. He was able to describe the assailant and to identify him as a regular customer. Police soon identified [Jackson] as a suspect in the case. He was subsequently arrested and interviewed by Detective Cacey Shelton. The interview, which was video and audio recorded, lasted almost two hours. Approximately halfway through the interview, [Jackson] confessed to the assault.
>
> [Jackson] sought to suppress the confession before trial. Detective Shelton was the only witness called at the suppression hearing; the recorded statement was offered and admitted into evidence. When Detective Shelton's testimony was concluded, the attorneys agreed that "there was no issue with Miranda" in the case and, without further argument, the court denied the motion to suppress.

*Jackson*, 2016 WL 1698353, at *1.

The Texas Court of Criminal Appeals (CCA) refused discretionary review, and on October 13, 2016, the CCA denied a motion for rehearing. (ECF No. 18 at 3.)

Thereafter, Jackson filed a state habeas application challenging his conviction. (*Id.*) On October 25, 2017, the CCA adopted the trial court's findings and denied the state habeas application without a written order. (*Id.*)

Jackson filed his § 2254 petition (ECF No. 3) in this Court on January 20, 2018. In his petition, he argues:

  1. his appellate attorney provided ineffective assistance of counsel by failing to challenge the

2

      indictment based on the Court of Appeals's decision on aggravated assault;

2. his trial and appellate attorney provided ineffective assistance of counsel for their failure to properly investigate charges and the State's intent to enhance;

3. his Sixth Amendment right to confrontation was violated when the court allowed statements relayed to Detective Shelton by an out-of-court witness to be repeated in the presence of the jury;

4. the prosecutor failed to present "legally supported" evidence to sustain his conviction on proof beyond a reasonable doubt; and

5. his confession was illegally obtained, and due to trial and appellate counsel's "incompetency," the issue was improperly argued and presented to the court.

Citing *Holmes v. State*, 323 S.W.3d 163, 173-74 (Tex. Crim. App. 2010), Jackson argues that each of these errors should be viewed both individually and cumulatively.

II.

**A. Ineffective Assistance of Counsel**

In his second claim, Jackson asserts that his trial attorney provided ineffective assistance of counsel for his failure to properly investigate charges and the State's intent to enhance. He argues in his fifth claim that his confession was illegally obtained, and due to his trial attorney's "incompetency," the issue was improperly argued and presented to the court.

3

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

The state habeas court rejected Jackson's second and fifth claims. Specifically, the Court found:

4

> The Court finds trial and appellate counsel to be trustworthy.
>
> The Court finds that trial counsel reviewed the "pen packs" prior to them being offered by the State at trial. [Jackson] confirmed that the prior convictions were true and that he had been convicted and served time as indicated in each pen pack. Counsel noted the defect in the packets and moved to quash at trial and provided supporting case law to the trial court. Trial counsel's motion was denied. Counsel offered additional arguments but was overruled. (RR-4: 61-69.)
>
> The Court finds that the State's Notice of Intent to Enhance Punishment filed on May 31, 2013, listed the offense of "armed robbery" as a prior conviction from Mississippi. In the Notice of Extraneous Offenses filed on February 19, 2014, the offense was listed as "strong arm robbery". These two documents properly notified [Jackson] of the State's intent to use his prior Mississippi convictions to enhance his punishment. [Jackson] has failed to show that had counsel objected, the trial court would have quashed the enhancements or would have found them not true. Further, the trial court stated that he would have sentenced [Jackson] to life confinement, even without the enhancement paragraphs, due to the gravity and heinous nature of the offense. (RR-4: 74-75.)
>
> Trial counsel filed a motion to suppress [Jackson's] confession. A hearing was held and the issue was litigated prior to trial. The issue was properly preserved for appeal. In fact, the issue was raised on direct appeal. [Jackson] fails to state why trial counsel's challenge to the confession was improper or demonstrate that a different strategy would have yielded a different outcome.

(State Habeas Ct. R. at 145-46.)

This Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner

"rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision") (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)).

Claims of ineffective assistance of counsel are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where the state court adjudicated an ineffective-assistance claim on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017) ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a

highly deferential look at counsel's performance through the deferential lens of § 2254(d).") (citation omitted)).

Here, the state habeas court's factual findings specifically address Jackson's second and fifth claims. Moreover, he fails to come forward with clear and convincing evidence that rebuts the presumption that the state court's factual findings are correct. For the reasons found by the state habeas court, Jackson's second and fifth claims, based on ineffective assistance of trial counsel, are meritless.

### B. Ineffective Assistance of Appellate Counsel

In his first claim, Jackson argues that his appellate attorney provided ineffective assistance of counsel by failing to challenge the indictment based on the Court of Appeals's decision on aggravated assault. He argues in his second claim that his appellate attorney provided ineffective assistance of counsel for their failure to properly investigate charges and the State's intent to enhance. In his fifth claim, Jackson argues that due to his appellate counsel's "incompetency," the fact his confession was illegally obtained was improperly argued and presented to the court.

A defendant is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985). The proper standard for evaluating a claim that appellate counsel was ineffective is the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *see also Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008)

7

("In reviewing a claim alleging ineffective assistance of appellate counsel we apply the traditional *Strickland* standard.").

As it relates to Jackson's ineffective assistance of appellate counsel claims, the state habeas court found:

> The Court finds that appellate counsel was not ineffective for failing to challenge the indictment based on the Court of Appeals' opinion. It appears that the Court of Appeals' opinion contains a typographical error in that it states that [Jackson] was convicted of aggravated assault rather than aggravated robbery. Exhibit A to State's Response a 1. [Jackson] was charged with, and convicted of, aggravated robbery.
>
> The Court finds that there was no objection to the enhancement paragraphs. There must be a contemporaneous objection in order to preserve error for appeal. While there was an objection to the State's Notice of Intent to Enhance prior to the punishment phase, it was not on the same ground alleged in this application. Thus, it was not preserved for appeal and appellate counsel did not raise that ground on direct appeal. Further, as previously found, trial counsel and [Jackson] had adequate notice of the alleged offenses to be used to enhance punishment. There was no basis upon which to object that would have been sustained by the trial court.
>
> The Court finds that appellate counsel challenged the voluntariness of his confession on direct appeal. [Jackson] fails to explain why appellate counsel's presentation of the issue was deficient.

(State Habeas Ct. R. at 146-47.)

Considering the state habeas court's findings that address the portions of Jackson's first, second, and fifth claims covering ineffective assistance of appellate counsel in his § 2254 petition, the Court finds that he has failed to demonstrate

ineffective assistance of appellate counsel. Specifically, he has failed to show that his appellate counsel provided deficient performance, and he was prejudiced. Jackson has therefore failed to demonstrate ineffective assistance of appellate counsel under both prongs of the *Strickland* standard.

### C. Procedural Default

In Jackson's third claim, he argues that his Sixth Amendment right to confrontation was violated when the court allowed statements relayed to Detective Shelton by an out-of-court witness to be repeated in the presence of the jury. He argues in his fourth claim that the prosecutor failed to present "legally supported" evidence to sustain his conviction on proof beyond a reasonable doubt.

Here, the state habeas court rejected Jackson's third and fourth claims on the basis that they were not preserved for review due to his failure to properly object. (State Habeas Ct. R. 147-48.) With Jackson's third claim, the state habeas court noted that although counsel did object based on hearsay, he did not object based on the confrontation clause. (State Habeas Ct. R. at 147.)

When the Texas contemporaneous objection requirement is applied by the state appellate court, it also bars review by the federal habeas court pursuant to the procedural default doctrine. *See Styron v. Johnson*, 262 F.3d 438, 453-54 (5th Cir. 2001) ("The Texas contemporaneous objection rule constitutes an adequate and independent state ground that procedurally bars federal habeas review of a petitioner's claims.") (quotation marks omitted). Now, Jackson is not entitled to have this Court second guess the state court's findings that his third and fourth

9

claims were procedurally defaulted. *See Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000) (recognizing that a federal habeas court lacks the ability to question a state court's finding of procedural default, when such finding is based on an adequate and independent state ground).

Jackson's third claim is also barred because it was not raised on direct appeal. The state habeas court found that this claim was also procedurally barred because Jackson failed to raise it on direct appeal. (State Habeas Ct. R. 147.) The state habeas court's application of the procedural bar also bars review of those claims in a federal habeas petition. *Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. A miscarriage of justice in this context means that the petitioner is actually innocent of the crime for which he was convicted, as opposed to legally innocent. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992).

Jackson's third and fourth claims are procedurally barred from federal habeas review. To overcome this procedural bar, he must show either cause and prejudice, or that he is actually innocent of the crime for which he is convicted. Jackson has failed to come forward with any such showing. His third and fourth

claims are therefore procedurally barred from review by this federal habeas court, and they should be dismissed with prejudice.

Moreover, even if there was no procedural bar on his third claim and Jackson could demonstrate error, any error would be harmless error. This is so because on federal habeas review of a state court conviction, a harmless error standard applies. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 121 (2007) (holding that the *Brecht* standard applies in § 2254 proceedings). Therefore, to be actionable, a trial court error must have "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

Jackson gave a confession in this case. *Jackson*, 2016 WL 1698353, at *1 (noting that Jackson was interviewed by Detective Shelton for almost two hours). With a confession and the other evidence against him, he has failed to show that the alleged confrontation error had a "substantial and injurious effect." Jackson's third claim, his confrontation claim, therefore fails.

Jackson's fourth claim, his prosecutorial misconduct claim, also fails. Although the State may "prosecute with earnestness and vigor," it still must "refrain from improper methods calculated to produce a wrongful conviction." *United States v. Young*, 470 U.S. 1, 7 (1985) (quotation omitted). A claim of prosecutorial misconduct, when alleged in habeas corpus proceedings, is reviewed to determine whether it "so infected the [trial] with unfairness as to make the

11

resulting [conviction] a denial of due process." *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996)). "Due process does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not so pronounced and persistent that it permeates the entire atmosphere of the trial." *Gonzales v. Thaler*, 643 F.3d 425, 431 (5th Cir. 2011). "Moreover, the appropriate standard of review for such a claim on writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). Due process is only violated when the alleged conduct deprived the petitioner of his right to a fair trial. *See Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992). A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Foy*, 959 F.2d at 1317. Only in the most egregious situations will a prosecutor's improper conduct violate constitutional rights. *Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987).

Considering the evidence against him at trial, including his confession, Jackson has failed to show that there is a reasonable probability that a different result would have been reached without the alleged prosecutorial misconduct. Jackson's fourth claim therefore fails.

### D. Coerced Confession

Finally, in his fifth claim, Jackson argues that his confession was illegally obtained. To determine whether an accused has knowingly and voluntarily waived

his Fifth Amendment right against self-incrimination, there are two primary issues. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). The first issue is whether the waiver of the right was voluntary and therefore not the product of intimidation, coercion, or deception. *Hopkins v. Cockrell*, 325 F.3d 579, 583 (5th Cir. 2003). The second issue is whether the waiver of the right against self-incrimination must be made with a full awareness of the nature of the right that is being waived. *Id.* "[T]he admission of an involuntary confession is trial error subject to a harmless error analysis." *Id.*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas relief based on claims that were addressed on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When making this determination, a federal court looks to the "last reasoned opinion" as the state court's "decision." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

Jackson's claim that his confession was illegally obtained and should be suppressed was addressed on the merits by the Court of Appeals for the Fifth District of Texas. The court found:

> In his single issue, [Jackson] argues the trial court erred in admitting his confession because it was "obtained by the influence of fear for the well-being of his family." He contends that Detective Shelton made [Jackson's] girlfriend and her children "a recurring theme throughout the interrogation," causing [Jackson] to fear for his family's well-being. He argues further that Detective Shelton used "thinly veiled threats to punish [Jackson's] girlfriend to coerce him into making a confession." Because the confession was not given voluntarily, [Jackson] argues, the trial court erred in admitting it at trial.
>
> . . . .
>
> As to the substance of [Jackson's] issue, we find his argument unpersuasive. Threats against family members can violate due process rights guaranteed by the United States Constitution and may result in finding a confession involuntary. However, a confession can be involuntary under the Due Process Clause only if the record establishes overreaching by the police. To render a confession involuntary, the overreaching must rise to a level where the accused's will "has been overborne and his capacity for self-determination critically impaired." Thus, we make no "sweeping inquiries" into [Jackson's] state of mind. Instead, we strive to make an objective assessment of the police behavior at issue.
>
> The parties questioned Detective Shelton at the hearing concerning his behavior during the interview. The prosecutor asked him repeatedly why he had asked challenged questions. Detective Shelton gave reasons for his inquiries that represented legitimate concerns and tactics. Indeed, for the most part, references in the record to [Jackson's] girlfriend and her family were no more than background inquiries. That said, [Jackson] does

point to two specific issues that arose during the interview, which we will address in turn.

First, [Jackson] contends Detective Shelton threatened to have his family "kicked out" of their Dallas Housing Authority apartment. During the interview, Detective Shelton explained how the police found [Jackson]. He described learning from a neighbor about the family's move to a new DHA residence. At that point he asked [Jackson] whether he was supposed to be living there with his girlfriend; [Jackson] conceded he was not. Detective Shelton testified he mentioned this fact because he wanted [Jackson] to know that he (Detective Shelton) knew more than [Jackson] might think about [Jackson]. Later in the interview [Jackson] raised this issue himself, expressing concern that Detective Shelton was having his girlfriend kicked out of her home. But, as he testified at the hearing, Detective Shelton told [Jackson] he was not making any such effort, although he acknowledged from early in the interview that the manager of the residence already knew the police were seeking [Jackson].

[Jackson] also points to remarks made by Detective Shelton concerning bringing his girlfriend in for questioning. The record does not indicate the detective threatened to arrest her. On the contrary, his questions are directed toward whether [Jackson] had confided his actions to his girlfriend. If he had, Detective Shelton explained, she might tell the police if they questioned her or, if she lied, she would be in trouble herself. [Jackson] never wavered from his statement that he had not confided his actions to his girlfriend; there was no implication that she had been involved in the crime in any way.

Nothing in our review of the record suggests that Detective Shelton's conduct was overreaching or threatening, whether directly or "thinly veiled." There is no indication that [Jackson's will "[had] been overborne and his capacity for self-determination critically impaired." We discern no violation of [Jackson's] due process rights. We decide his single issue against him.

15

*Jackson*, 2016 WL 1698353, at **1, 3-4 (internal citations omitted). Jackson does not come forward with "clear and convincing evidence" to rebut the presumption that the findings of the Fifth District Court of Appeals, as outlined above, are correct. *See* 28 U.S.C. § 2254(e)(1). He also fails to meet his burden under the AEDPA. Jackson's fifth claim should therefore be denied.

### E. Cumulative Error

Finally, Jackson cites *Holmes v. State*, 323 S.W.3d 163, 173-74 (Tex. Crim. App. 2010), and argues that each of the errors cited in his petition should be viewed both individually and cumulatively. However, the Court finds no error with respect to any of Jackson's claims, and therefore his cumulative error argument must also fail. *See United States v. Moye*, 951 F.2d 59, 63 n.7 (5th Cir. 1992) ("Because we find no merit to any of Moye's arguments of error, his claim of *cumulative* error must also fail.") (emphasis in original); *see also Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987) ("Twenty times zero equals zero.").

### III.

For the foregoing reasons, the Court should DISMISS with prejudice Jackson's § 2254 petition.

Signed October 30, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

16

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).