IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIRK STEVEN JACKSON, §<br>  Petitioner, §<br> §<br>v. §<br> §<br>DIRECTOR, TDCJ-CID, §<br>  Respondent. § | No. 3:18-cv-00206-N-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Kirk Steven Jackson's "Motion for Extension of Time to File Notice of Appeal and Application for Certificate of Appealability" (ECF No. 45). The District Court referred the matter to the United States magistrate judge under 28 U.S.C. § 636(b) and a specific order of reference (ECF No. 46). For the following reasons, the Court should DENY Jackson's motion.

## Background

The Court received Jackson's § 2254 habeas petition on January 26, 2018. (ECF No. 3.) On October 30, 2020, the undersigned magistrate judge entered findings and conclusions, recommending that the District Court dismiss Jackson's petition with prejudice. (ECF No. 37.) Jackson filed objections (ECF No. 40) to the findings and conclusions, but they were overruled. On February 12, 2021, the District Court accepted the magistrate judge's findings and conclusions, denied a certificate of appealability, and entered judgment. Ord. (ECF No. 43); J. (ECF No. 44).

1

On March 10, 2021, the Court received Jackson's "Motion for Extension of Time to File Notice of Appeal and Application for Certificate of Appealability" (ECF No. 45).[1] His pleading is liberally construed as a notice of appeal and a motion seeking an extension of time within which to file a notice of appeal and a certificate of appealability. He claims that he did not receive the District Court's order of acceptance and judgment until February 26, 2021. Jackson further claims that his motion is made in the "interest of justice," and he is not attempting to delay the proceedings. Mot. 1 (ECF No. 45).

## Legal Standards and Analysis

The Fifth Circuit Court of Appeals requires the filing of a timely notice of appeal before exercising jurisdiction over a case. *United States v. Winn*, 948 F.2d 145, 153 (5th Cir. 1991) (citing *United States v.* Ugalde, 861 F.2d 802, 805 (5th Cir. 1988); *United States v.* Burn, 668 F.2d 855, 859 (5th Cir. 1982)). A case filed under § 2254, such as this case, is a civil case. *Guerrero-Yanez v. Davis*, 800 F. App'x 282, 283 (5th Cir. 2020) (citing *Hernandez v. Thaler*, 630 F. 3d 420, 424 (5th Cir. 2011)). In a civil case where the United States is not a party, like this case, the notice of appeal must be filed within 30 days after entry of the judgment or the order being appealed. *Id.* (citing Fed. R. App. P. 4(a)(1)(A)). Within 30 days following the expiration of the 30-day period, a defendant can file a motion for an extension

---

[1] A *pro se* prisoner's pleading is deemed filed at the time it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Here, Jackson's motion is signed and dated March 4, 2021, (ECF No. 45 at 2), and the Court presumes that he delivered it to prison officials for mailing on that date.

of time within which to file a notice of appeal where there is excusable neglect or good cause. Fed. R. App. P. 4(b)(4)).

Here, as noted, the Court entered the judgment on February 12, 2021, and Jackson filed his notice of appeal on March 4, 2021, 20 days later. Because Jackson filed his notice of appeal within 20 days of entry of judgment, his notice of appeal was timely. *See* Fed. R. App. P. 4(a)(1)(A). Accordingly, to the extent Jackson moves for an extension of time within which to file his notice of appeal, his request is unnecessary, and his motion should therefore be denied as moot.

Jackson also moves for a certificate of appealability. To demonstrate that he is entitled to a certificate of appealability, Jackson must show: (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). An appeal may not be taken to the Fifth Circuit Court of Appeals from a final order in a § 2254 proceeding unless a circuit justice, circuit judge, or a district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

On February 12, 2021, the District Court entered an order accepting the magistrate judge's findings and conclusions and entered judgment. At that time,

the Court denied Jackson a certificate of appealability. His request for a certificate of appealability was properly addressed and denied when the final § 2254 order was entered. Therefore, to the extent Jackson now seeks a certificate of appealability, his motion should be denied.

## Recommendation

The Court should DENY "Petitioner's Motion for Extension of Time to File Notice of Appeal and Application for Certificate of Appealability" (ECF No. 45).

**SO RECOMMENDED.**

March 15, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).