IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIRK STEVEN JACKSON, | § | |
| Petitioner, | § | |
| v. | § | No. 3:18-cv-00206-N (BT) |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Kirk Jackson's "Motion for Issuance of Certificate of Appealability." (ECF No. 55). For the reasons stated, the Court should deny Jackson's motion.

I.

Jackson, a state prisoner, filed a *pro se* habeas petition (ECF No. 3) under 28 U.S.C. § 2254. On October 30, 2020, the undersigned magistrate judge issued findings and conclusions, recommending that Jackson's petition be dismissed with prejudice. FCR (ECF No. 37). Jackson filed objections (ECF No. 40), which the Court overruled. Ord. (ECF No. 43). And on February 12, 2021, the Court accepted the findings, conclusions, and recommendation and entered judgment. J. (ECF No. 44). The next month, the Court received Jackson's "Motion for Extension of Time to File Notice of Appeal and Application for Certificate of Appealability" (ECF No. 45). The magistrate judge issued findings and conclusions, recommending that the

1

Court deny Jackson's motion. FCR (ECF No. 47). The Court later accepted those findings, conclusions, and recommendation. Ord. (ECF No. 50). On May 7, 2021, Jackson filed a notice of appeal (ECF No. 54). That same day, the Court received Jackson's motion seeking a certificate of appealability. Mot. (ECF No. 55).

II.

Rule 11 of the Rules Governing Section 2254 for the U.S. District Courts requires a district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A petitioner must obtain a certificate of appealability before appealing a district court's decision. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012). To demonstrate that there has been a "substantial showing of the denial of a constitutional right," a petitioner must make the showing set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In those cases where a district court rejects a petitioner's constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *see also Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). However, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Any doubts as to whether to issue a certificate of appealability should be resolved in favor of the petitioner. *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997). A certificate of appealability is a "jurisdictional prerequisite," and a court of appeals lacks jurisdiction to rule on the merits of the appeal until a certificate of appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

### III.

As a preliminary matter, the Court finds that Jackson's petition was resolved on procedural grounds. *See* FCR (ECF No. 37). Therefore, for Jackson to demonstrate entitlement to a certificate of appealability, he must now show "at least, that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Jackson argues that Respondent claimed that his Confrontation Clause and prosecutorial misconduct claims were procedurally barred. Mot. 2, 8-10 (ECF No. 55). Jackson further argues that, in response, he claimed under the "cause and prejudice" standard that the procedural default was overcome. *Id.* Jackson claims that he submitted two exhibits in support: (1) a letter that he wrote to appellate

counsel; and (2) a letter from appellate counsel to him in response.¹ *Id.* (citing Pet.'s Objections (ECF No. 53), Exhs. D, E; *see also* Objections 5 (ECF No. 53)). According to Jackson, the third and fourth claims in his petition are meritorious, and when they are proven, it will require he receive the relief he seeks. *Id.* He further claims that the magistrate judge failed to address these issues in the October 30, 2020 findings, conclusions, and recommendation. Mot. 2-3 (ECF No. 55).

In his third claim, Jackson argued his Sixth Amendment right to confrontation was violated when the court allowed statements relayed to Detective Shelton by an out-of-court witness to be repeated in the presence of the jury. FCR 3, 9 (ECF No. 37). In his fourth claim, Jackson argued that the prosecutor failed to present "legally supported" evidence to sustain his conviction on proof beyond a reasonable doubt. *Id.* But in the October 30, 2020 findings, conclusions, and recommendation, which was adopted by the Court, the magistrate judge found:

> Here, the state habeas court rejected Jackson's third and fourth claims on the basis that they were not preserved for review due to his failure to properly object. (State Habeas Ct. R. 147-48.) With Jackson's third claim, the state habeas court noted that although counsel did object based on hearsay, he did not object based on the confrontation clause. (State Habeas Ct. R. at 147.)
>
> When the Texas contemporaneous objection

---

¹ Jackson previously argued that the two letters demonstrate that "[a]ppellate counsel refused to raise [the third and fourth claims] on direct appeal and thus, procedurally barred Petitioner from raising and/or challenging these claims for federal review." Objections 5 (ECF No. 53).

4

requirement is applied by the state appellate court, it also bars review by the federal habeas court pursuant to the procedural default doctrine. *See Styron v. Johnson*, 262 F.3d 438, 453-54 (5th Cir. 2001) *(*"The Texas contemporaneous objection rule constitutes an adequate and independent state ground that procedurally bars federal habeas review of a petitioner's claims.") (quotation marks omitted). Now, Jackson is not entitled to have this Court second guess the state court's findings that his third and fourth claims were procedurally defaulted. *See Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000) (recognizing that a federal habeas court lacks the ability to question a state court's finding of procedural default, when such finding is based on an adequate and independent state ground).

Jackson's third claim is also barred because it was not raised on direct appeal. The state habeas court found that this claim was also procedurally barred because Jackson failed to raise it on direct appeal. (State Habeas Ct. R. 147.) The state habeas court's application of the procedural bar also bars review of those claims in a federal habeas petition. *Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. A miscarriage of justice in this context means that the petitioner is actually innocent of the crime for which he was convicted, as opposed to legally innocent. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992).

Jackson's third and fourth claims are procedurally barred from federal habeas review. To overcome this procedural bar, he must show either cause and prejudice, or that he is actually innocent of the crime for which he is convicted. Jackson has failed to come forward with any

5

such showing. His third and fourth claims are therefore procedurally barred from review by this federal habeas court, and they should be dismissed with prejudice.

Moreover, even if there was no procedural bar on his third claim and Jackson could demonstrate error, any error would be harmless error. This is so because on federal habeas review of a state court conviction, a harmless error standard applies. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 121 (2007) (holding that the *Brecht* standard applies in § 2254 proceedings). Therefore, to be actionable, a trial court error must have "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

Jackson gave a confession in this case. *Jackson*, 2016 WL 1698353, at *1 (noting that Jackson was interviewed by Detective Shelton for almost two hours). With a confession and the other evidence against him, he has failed to show that the alleged confrontation error had a "substantial and injurious effect." Jackson's third claim, his confrontation claim, therefore fails.

Jackson's fourth claim, his prosecutorial misconduct claim, also fails. Although the State may "prosecute with earnestness and vigor," it still must "refrain from improper methods calculated to produce a wrongful conviction." *United States v. Young*, 470 U.S. 1, 7 (1985) (quotation omitted). A claim of prosecutorial misconduct, when alleged in habeas corpus proceedings, is reviewed to determine whether it "so infected the [trial] with unfairness as to make the resulting [conviction] a denial of due process." *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996)). "Due process does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not so pronounced and persistent that it permeates the entire atmosphere of the trial." *Gonzales v. Thaler*, 643 F.3d 425, 431 (5th Cir. 2011). "Moreover, the appropriate standard of review for such a claim on

> writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). Due process is only violated when the alleged conduct deprived the petitioner of his right to a fair trial. *See Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992). A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Foy*, 959 F.2d at 1317. Only in the most egregious situations will a prosecutor's improper conduct violate constitutional rights. *Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987).
>
> Considering the evidence against him at trial, including his confession, Jackson has failed to show that there is a reasonable probability that a different result would have been reached without the alleged prosecutorial misconduct. Jackson's fourth claim therefore fails.

FCR 9-12 (ECF No. 37); *see also* Ord. (ECF No. 43).

As this Court previously found, a federal habeas court lacks the ability to question a state court's finding of procedural default when such finding is based on an adequate and independent state ground. FCR 9-10 (ECF No. 37) (citing *Smith*, 216 F.3d at 523). After all, "[a] basic tenet of federal habeas review is that a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground, *Barnes v. Thompson*, 58 F.3d 971 (4th Cir. 1995)." *Smith*, 216 F.3d at 523; *see also Coleman*, 501 U.S. at 749-50. To overcome the state procedural bar, a habeas petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) the failure to consider his claims will

7

result in a fundamental miscarriage of justice. *Smith*, 216 F.3d at 524; *Coleman*, 501 U.S. at 750; *see also Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008); *Vela v. Lumpkin*, 2021 WL 1541603, at *4 (N.D. Tex. Apr. 20, 2021).

Here, Jackson does not dispute that the state habeas court applied the procedural bar to his third and fourth claims. Rather, he argues that this Court erred in its findings because he demonstrated cause and prejudice. While a petitioner can demonstrate "cause" by showing ineffective assistance of counsel in violation of the Sixth Amendment, Jackson fails to show that his attorney provided ineffective assistance of counsel by failing to raise his third and fourth claims on direct appeal. *See Martinez v. Ryan*, 566 U.S. 1, 14 (2012). "Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017). Jackson has failed to come forward with evidence or argument demonstrating that his third or fourth claims would have been successful if his appellate attorney had raised those arguments on appeal. *See Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008) ("In addition, had counsel moved for a mistrial, we find no basis to conclude that the trial court would have granted it, or it would have reversibly erred by refusing it."); *see also United States v. Rosalez-Orozco*, 8 F.3d 198, 199 (5th Cir. 1993) ("In order to establish prejudice, Rosalez must show that [there was] a reasonable possibility that had counsel moved for a judgment of acquittal, the motion would have been granted[.]"). Accordingly, this argument fails.

Next, Jackson argues that he was prejudiced by his trial attorney's cumulative errors and his appellate attorney's cumulative failure to raise meritorious issues on appeal. Mot. 5-8 (ECF No. 55). But Jackson previously made—and the Court considered—the cumulative impact of his attorneys' alleged errors. *See* FCR 3 ("Citing *Holmes v. State*, 323 S.W.3d 163, 173-74 (Tex. Crim. App. 2010), Jackson argues that each of these errors should be viewed both individually and cumulatively."). The Court addressed this cumulative error argument with the following:

> Finally, Jackson cites *Holmes v. State*, 323 S.W.3d 163, 173-74 (Tex. Crim. App. 2010), and argues that each of the errors cited in his petition should be viewed both individually and cumulatively. However, the Court finds no error with respect to any of Jackson's claims, and therefore his cumulative error argument must also fail. *See United States v. Moye*, 951 F.2d 59, 63 n.7 (5th Cir. 1992) ("Because we find no merit to any of Moye's arguments of error, his claim of *cumulative* error must also fail.") (emphasis in original); *see also Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987) ("Twenty times zero equals zero.").

FCR 16 (ECF No. 37); *see also* Ord. (ECF No. 43).

In sum, Jackson's arguments regarding cumulative errors by counsel at trial and on appeal were previously raised and addressed. At this time, Jackson has presented no new facts or arguments that change this outcome, and his cumulative error argument remains meritless. Consequently, the Court should decline to address Jackson's cumulative error arguments again.

Last, Jackson argues that the trial court improperly allowed statements

9

concerning the alleged confession to be admitted without determining its voluntariness. Jackson made this argument in the fifth claim of his petition, and the magistrate judge addressed it at length in the October 30, 2020 findings, conclusions, and recommendation. The judge found:

> Jackson's claim that his confession was illegally obtained and should be suppressed was addressed on the merits by the Court of Appeals for the Fifth District of Texas. The court found:
>
> In his single issue, [Jackson] argues the trial court erred in admitting his confession because it was "obtained by the influence of fear for the well-being of his family." He contends that Detective Shelton made [Jackson's] girlfriend and her children "a recurring theme throughout the interrogation," causing [Jackson] to fear for his family's well-being. He argues further that Detective Shelton used "thinly veiled threats to punish [Jackson's] girlfriend to coerce him into making a confession." Because the confession was not given voluntarily, [Jackson] argues, the trial court erred in admitting it at trial.
>
> . . . .
>
> As to the substance of [Jackson's] issue, we find his argument unpersuasive. Threats against family members can violate due process rights guaranteed by the United States Constitution and may result in finding a confession involuntary. However, a confession can be involuntary under the Due Process Clause only if the record establishes overreaching by the police. To render a confession involuntary, the overreaching must rise to a level where the accused's will "has been overborne and his capacity for self-determination critically impaired." Thus, we make no "sweeping inquiries" into [Jackson's] state of mind. Instead, we strive to make an objective assessment of the police behavior at issue.
>
> The parties questioned Detective Shelton at the hearing concerning his behavior during the interview. The

prosecutor asked him repeatedly why he had asked challenged questions. Detective Shelton gave reasons for his inquiries that represented legitimate concerns and tactics. Indeed, for the most part, references in the record to [Jackson's] girlfriend and her family were no more than background inquiries. That said, [Jackson] does point to two specific issues that arose during the interview, which we will address in turn.

First, [Jackson] contends Detective Shelton threatened to have his family "kicked out" of their Dallas Housing Authority apartment. During the interview, Detective Shelton explained how the police found [Jackson]. He described learning from a neighbor about the family's move to a new DHA residence. At that point he asked [Jackson] whether he was supposed to be living there with his girlfriend; [Jackson] conceded he was not. Detective Shelton testified he mentioned this fact because he wanted [Jackson] to know that he (Detective Shelton) knew more than [Jackson] might think about [Jackson]. Later in the interview [Jackson] raised this issue himself, expressing concern that Detective Shelton was having his girlfriend kicked out of her home. But, as he testified at the hearing, Detective Shelton told [Jackson] he was not making any such effort, although he acknowledged from early in the interview that the manager of the residence already knew the police were seeking [Jackson].

[Jackson] also points to remarks made by Detective Shelton concerning bringing his girlfriend in for questioning. The record does not indicate the detective threatened to arrest her. On the contrary, his questions are directed toward whether [Jackson] had confided his actions to his girlfriend. If he had, Detective Shelton explained, she might tell the police if they questioned her or, if she lied, she would be in trouble herself. [Jackson] never wavered from his statement that he had not confided his actions to his girlfriend; there was no implication that she had been involved in the crime in any way.

Nothing in our review of the record suggests that

> Detective Shelton's conduct was overreaching or threatening, whether directly or "thinly veiled." There is no indication that [Jackson's will "[had] been overborne and his capacity for self-determination critically impaired." We discern no violation of [Jackson's] due process rights. We decide his single issue against him.
>
> *Jackson*, 2016 WL 1698353, at **1, 3-4 (internal citations omitted). Jackson does not come forward with "clear and convincing evidence" to rebut the presumption that the findings of the Fifth District Court of Appeals, as outlined above, are correct. *See* 28 U.S.C. § 2254(e)(1). He also fails to meet his burden under the AEDPA. Jackson's fifth claim should therefore be denied.

FCR 12-16 (ECF No. 37); *see also* Ord. (ECF No. 43).

Here again, Jackson's argument regarding the voluntariness of his confession was previously raised and addressed. At this time, Jackson has presented no new facts or argument that change this outcome, and his argument about the voluntariness of his confession remains meritless. The Court should decline to revisit Jackson's argument about the voluntariness of his confession.

For all these reasons, Jackson has not demonstrated he is entitled to a certificate of appealability, and his motion should therefore be denied.

## RECOMMENDATION

The Court should DENY Jackson's "Motion for Issuance of Certificate of Appealability." (ECF No. 55.)

**SO RECOMMENDED**.

May 19, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).